IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JUAN MIGUEL GALLEGOS LOAIZA,<br><br>　　　　　　Defendant. | 4:13-CR-3130<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report (PSR) in this case. The defendant has objected to the PSR (filing 438) and moved for a variance (filing 439). The government has also objected to the PSR. Filing 436.

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)  impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has objected to the PSR (filing 438) and moved for a variance (filing 439). The government has also objected to the PSR. Filing 436.

The defendant objects to the probation officer's drug-quantity calculation and the underlying factual basis in the PSR. *See* filing 438 at ¶¶ 1, 3, 5. It is the government's burden to prove drug quantity by a preponderance of the evidence. *United States v. Young*, 689 F.3d 941, 945 (8th Cir. 2012). And it is well settled that "[t]he PSR is not evidence. If the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof . . . the government must present evidence at the sentencing hearing to prove the existence of the disputed facts." *United States v. Mann*, 701 F.3d 274, 310 (8th Cir. 2012). The government has stated that it is prepared to present evidence as to the quantity of drugs attributable to the defendant. The Court will resolve this objection at sentencing.

In a related vein, the defendant objects to the probation officer's decision to calculate his base offense level using the weight of the actual methamphetamine involved in this case, as opposed to the weight of the mixture. Filing 438 at ¶ 50. The defendant asserts that this is improper because he was charged in the second superseding indictment (filing 326) with conspiracy to distribute a mixture or substance containing methamphetamine, as opposed to actual methamphetamine. However, the Guidelines state that in a case involving methamphetamine, the offense level should be determined based on the weight of either the entire mixture or the amount of pure methamphetamine, whichever results in a higher offense level. *See* USSG § 2D1.1(c) * Notes to Drug Quantity Table, ¶ B; *see also United States v. Fairchild*, 189 F.3d 769, 778 (8th Cir. 1999). And the fact that actual methamphetamine was not charged in the operative indictment

does not run afoul of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Serrano-Lopez*, 366 F.3d 628, 637–38 (8th Cir. 2004).

The defendant next objects to the three-level enhancement for acting in a managerial or supervisory role, pursuant to U.S.S.G. § 3B1.1(b) and the two-level enhancement for maintaining a premises for the manufacture or distribution of drugs, pursuant to U.S.S.G. § 2D1.1(b)(12). *See* PSR at ¶¶ 51, 53. As with the drug-quantity objection, the defendant objects generally to the factual basis for these enhancements. Again, the government has stated that it is prepared to present evidence on these enhancements at sentencing. So, the Court will resolve these objections at sentencing.

The defendant's final objection relates to the government's objection (filing 436). The government objects to the probation officer's decision not to apply an enhancement for obstruction of justice under U.S.S.G. § 3C1.1. The government points to the fact that the defendant fled Nebraska after this Court issued a warrant for his arrest, and remained a fugitive for approximately 1 year. The government also asserts that the defendant took steps to alter his fingerprints. PSR at ¶ 74. The defendant objects to this latter assertion, and maintains that he did not have an operation to alter his fingerprints. The probation officer determined that the obstruction enhancement was not warranted, correctly observing that under the Guidelines, avoiding or fleeing from arrest does not ordinarily warrant an obstruction enhancement. *See* U.S.S.G. § 3C1.1 app. n.5(D). The government points to alleged fingerprint alteration, and cites *United States v. George*, 317 Fed. Appx. 244, 246 (3d Cir. 2009), in which the court affirmed application of the enhancement where the defendant fled to Mexico and had his fingerprints removed. This Court's tentative finding is that the enhancement is not warranted. In this case, any fingerprint alteration resembles an attempt to evade detection—the type of conduct not generally covered by the obstruction enhancement. *See* U.S.S.G. § 3C1.1 app. n.5. The Court doubts that the enhancement would apply if the defendant had, for example, grown a beard or dyed his hair. While fingerprint alteration is admittedly a more extreme measure, it is of the same nature. And at this time, it does not appear that the defendant's fingerprints (or lack thereof) played any significant role in his apprehension, obtaining his guilty plea, or in any other aspects of the present sentencing.

    The defendant has also moved for a variance (filing 439), asking the Court to vary downward based on the 18 U.S.C. § 3553 factors, and inviting the Court to vary from U.S.S.G. § 2D1.1 based upon policy considerations, under *Kimbrough v. United States*, 552 U.S. 85 (2007). The Court will resolve the defendant's motion at sentencing. The Court acknowledges its discretionary authority to vary based exclusively on a policy disagreement with a particular guideline, *Kimbrough*, 552 U.S. at 109, but as a tentative matter, notes that it is not persuaded to do so in this case.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 8th day of July, 2015.

                                                    BY THE COURT:

                                                    John M. Gerrard
                                                    United States District Judge